IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
EL DORADO DIVISION

ELEASE HILL; CARLTON NEWSOME;
VADA SMITH                                                                                   PLAINTIFFS

vs.                                           Case No. 13-cv-1089

CITY OF EL DORADO, an incorporated
body through Mayor Frank Hash in his
Official Capacity as may and the City
Council in their Individual Official Capacity
as the City Council of El Dorado                                                         DEFENDANTS

**ORDER**

Before the Court is Defendant's Second Motion for Summary Judgment. (ECF No. 119). Plaintiff has responded. (ECF No. 126). Defendant has filed a Reply. (ECF No. 127). The Court finds this matter ripe for its consideration.

I. Background

On June 5, 2014, the City of El Dorado's Code Enforcement Officer mailed notice to Plaintiff Vada Smith's husband, Brian Smith, the owner of the property located at 636 Nelson.[1] The notice informed Mr. Smith that the structure on the property was deemed to be a nuisance and unsafe and would be subject to condemnation by the El Dorado City Council if not remedied within thirty days. Notice was mailed to the address for Mr. Smith on file with the City. The City later received the signed return receipt. The Smiths took no further action concerning the property. More than thirty days later, the City Council voted to condemn the structure. The resolution condemning the building was then posted on the 636 Nelson property. Mrs. Smith retrieved the condemnation notice and gave it to Mr. Smith.

Mrs. Smith, along with two other plaintiffs, brought claims against the City of El Dorado and other Defendants. (ECF No. 28). Plaintiffs alleged that the Defendants' condemnation of their

---

[1]Brian Smith is Vada Smith's attorney of record in this lawsuit.

properties violated their constitutional rights. The Defendants filed a Motion for Summary Judgment. (ECF No. 68). The Court granted in part and denied in part the motion. (ECF No. 95). In the Court's Order, all Defendants except the City of El Dorado were dismissed, and all claims of Plaintiffs Elease Hill and Carlton Newsome were dismissed. The majority of Mrs. Smith's claims were also dismissed. Mrs. Smith's claim for procedural due process regarding her 636 Nelson property survived summary judgment. The Court then permitted the parties to conduct limited additional discovery and reopened the time to file dispositive motions. (ECF No. 111). The City of El Dorado then filed the Motion for Summary Judgment under consideration.

## II. Standard

A motion for summary judgment will be granted if the "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact, and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). To establish that a genuine issue of material fact exists, the nonmoving party must show that (1) there is a factual dispute, (2) the disputed fact is material to the outcome of the case, and (3) the dispute is genuine. *RSBI Aerospace, Inc. v. Affiliated FM Ins. Co.*, 49 F.3d 339, 401 (8th Cir. 1995). A dispute is genuine only if a reasonable jury could return a verdict for either party. *Id.*; *Anderson v. Liberty Lobby*, 477 U.S. 242, 248 (1986); *see also McLaughlin v. Esselte Pendaflex Corp.*, 50 F.3d 507, 510 (8th Cir. 1995). The party opposing a motion for summary judgment must rely on more than conclusory statements or allegations unsupported by facts. *Davis v. U.S. Bancorp*, 383 F.3d 761, 765 (8th Cir. 2004) (citation omitted).

## III. Discussion

"The Due Process Clause of the Fifth Amendment prohibits the United States, as the Due Process Clause of the Fourteenth Amendment prohibits the States, from depriving any person of property without 'due process of law.'" *Dusenbery v. United States*, 534 U.S. 161, 167 (2002).

Likewise, municipal governments are prohibited by the Fourteenth Amendment from denying citizens the equal protection of law. *Avery v. Midland Cnty., Tex.*, 390 U.S. 474, 480 (1968) ("A city, town, or county may no more deny the equal protection of the laws than it may abridge freedom of speech, establish an official religion, arrest without probable cause, or deny due process of law.").

The Fourteenth Amendment to the United States Constitution provides as follows:

> No state shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States; nor shall any state deprive any person of life, liberty, or property, without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws.

A procedural due process claim "is not complete when the deprivation occurs; it is not complete unless and until the State fails to provide due process." *Zinermon v. Burch*, 494 U.S. 113, 126 (1990). Plaintiffs must exhaust all state remedies available to them before bringing a § 1983 claim, including judicial remedies. *See Wax 'n Works v. City of St. Paul*, 213 F.3d 1016, 1019 (8th Cir. 2000); *Corder v. City of Sherwood*, 579 F.Supp. 1042 (E.D. Ark. 1984). Under Arkansas Code Annotated § 14-56-425 and Arkansas District Court Rule 9(f), a party may appeal a decision of a City Council within thirty days of the council's decision to an Arkansas Circuit Court. *Ingram v. City of Pine Bluff*, 133 S.W.3d 382 (Ark. 2003). Defendant asserts that Mrs. Smith's procedural due process claim fails because she did not exhaust her state court remedies. Mrs. Smith argues that it is disputed whether she ever received notice of the condemnation. Mrs. Smith admits that she did not attempt to appeal the decision of the City Council. However, before she is required to exhaust her state remedies, the City must first give proper notice of the proceedings and the adverse decision.

"The fundamental requirement of due process is the opportunity to be heard at a meaningful time and in a meaningful manner." *Mathews v. Eldridge*, 424 U.S. 319, 333 (1976). The Court must determine whether the City gave Smith "notice reasonably calculated, under all the circumstances, to

apprise interested parties of the pendency of the [proceeding] and afford them an opportunity to present their objections." *Mullane v. Cent. Hannover Bank & Trust Co.*, 339 U.S. 306, 314 (1950).

Mrs. Smith argues that the notice given to her was insufficient because it is disputed whether she actually received notice. Specifically, she points out that Mr. Smith denies that the signature on the return receipt card is his. However, the law does not require actual notice. Instead, what is required is a reasonably calculated effort by the City to provide actual notice. *See Dusenbery*, 534 U.S. at 167-69.

It is undisputed that the City sent Official Notice, via certified mail, to the Smith's address listed on the property records with the City. (ECF No. 119-1). It is also undisputed that the City's Code Enforcement Officer posted resolutions condemning the property on the door. (ECF No. 119-1). Smith also admits that she retrieved the notice from the property and gave the notice to her husband. (ECF No. 119-3).[2] There is no disputed issue of fact as to whether the actions taken by the City to notify Smith of the City Council's resolution were reasonably calculated to provide notice, and that she did not adequately exhaust the remedies available to her in state court.

Accordingly, the Court finds that Defendant's Motion for Summary Judgment (ECF No. 119) on the only remaining claim, Mrs. Smith's procedural due process claim for the 636 Nelson property, should be and hereby is **GRANTED**. Plaintiff's claim is dismissed.

**IT IS SO ORDERED**, this 17th day of May, 2016.

        /s/ Susan O. Hickey  
        Susan O. Hickey  
        United States District Judge

---

[2] Mr. Smith stated in his deposition that Mrs. Smith brought him the notice attached to the door of the property, but he was not aware of the condemnation at that point because he "didn't look at it, she just showed it to [him.]" (ECF No. 119-3).

4